[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2012
JOHN LEY
CLERK

No. 11-11119
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-23231-MGC


ROBERT JACKSON, a.k.a. Eldwin Gelin,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 1, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Jackson, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Jackson was convicted in state court of robbery with a firearm and possession of a firearm by a convicted felon. He contends that he received ineffective assistance of counsel at trial.

I.

In February 2002 Jackson was charged with robbery with a firearm, possession of a firearm by a convicted felon, and providing false identification information. Jackson was convicted in Florida state court of robbery with a firearm after a bifurcated third jury trial, and he then pleaded guilty to and was convicted of possession of a firearm by a convicted felon.[1] The court sentenced him to life in prison for the robbery conviction and 10 years imprisonment for the firearm possession conviction, with the sentences to run concurrently.

His convictions and sentences were upheld on direct appeal. Jackson then petitioned for postconviction collateral relief in state court, contending that he received ineffective assistance of counsel at trial because: (1) his counsel did not object to the introduction of the robbery victim's out-of-court statements about the

---

[1] Jackson's first jury trial ended in a hung jury. Jackson v. State, 881 So.2d 711, 712 (Fla. 3d DCA 2004). His second jury trial was bifurcated, and the jury found him guilty of robbery with a firearm. Id. He then pleaded no contest to the firearm possession and false identification charges. Id. An appellate court reversed and remanded for a third trial, the one that gave rise to this habeas case. Id. The record does not tell us what happened to the false identification charge.

robber; (2) his counsel used the wrong prior inconsistent statement to impeach a witness' testimony; and (3) his counsel did not properly object to statements about race that the prosecutor made during closing argument. The state court denied that petition, and its judgment was affirmed on appeal. Jackson then filed a § 2254 habeas petition in federal district court, contending that he received ineffective assistance of counsel on the same three grounds he had asserted in the state court postconviction collateral proceedings. The district court denied his habeas petition but granted his certificate of appealability.[2] This appeal followed.

## II.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact <u>de novo</u>, and findings of fact for clear error." <u>Maharaj v. Sec'y for Dep't of Corrs.</u>, 432 F.3d 1292, 1308 (11th Cir. 2005). We may not grant habeas relief on claims that were previously adjudicated on the merits in state court unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly

---

[2] The COA did not specify the issues raised for appellate review. A court issuing a COA must "indicate which specific issue or issues," if any, warrant a COA. 28 U.S.C. § 2253(c)(3). We have held that when a district court fails to enumerate specific issues for appeal, we have discretion to "either remand to the district court with instructions to enumerate the issues, or we may rule which issues raised by the petitioner warrant a COA." <u>Putman v. Head</u>, 268 F.3d 1223, 1227–28 (11th Cir. 2001). To avoid delaying resolution of this appeal, for the sake of efficiency, and because Jackson and the State have fully briefed the issues, we construe the order granting a COA to cover the three issues Jackson raises in his brief.

3

established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

To prevail on his ineffective assistance of counsel claims, Jackson must show that (1) his counsel's performance was deficient and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To show prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.

### III.

At trial the victim of the robbery testified about his out-of-court statements about the clothing the robber had been wearing. He testified that soon after the robbery, police officers took him to a house to see a man they had apprehended. The victim, however, did not identify that man as the robber but instead told police that the man was wearing clothing similar to that of the robber. Jackson's trial counsel did not object to this part of the victim's testimony, and Jackson argues that not objecting was deficient performance.

In the state collateral proceedings, the court determined that Jackson could not satisfy Strickland's prejudice prong because, even excluding the victim's

4

testimony about his out-of-court remarks, there was overwhelming evidence of Jackson's guilt. Some of that evidence showed that (1) moments after the robbery, Jackson fled when police approached him; (2) police caught Jackson about fifteen minutes later hiding in some bushes not far from the location of the robbery; (3) police found the victim's wallet and other property in Jackson's clothes or in close proximity to where Jackson was found; (4) Jackson made incriminating statements to the victim and the victim's friend after he was caught by police; and (5) police found an automatic handgun resembling the one used in the robbery on the roof of the building outside of which Jackson was found. In light of that evidence, the state court's application of Strickland's prejudice prong was not at all unreasonable.

## IV.

Jackson contends that his trial counsel was ineffective for using the wrong prior inconsistent statement to impeach the testimony of Officer Wing, the police officer who caught Jackson. Part of Jackson's defense at trial was that evidence in the case could have been manipulated, moved, or planted by the police. The crime scene supervisor testified that she recovered the victim's wallet from Jackson's shorts. On cross-examination, Wing testified that he could not recall where the victim's wallet was found. Jackson's counsel then referred Wing to his testimony

5

at Jackson's second trial, where Wing testified that he "believe[d]" that he saw a wallet in a baseball cap that was found near the bushes where Jackson was caught. Jackson's counsel, however, meant to refer Wing to his deposition testimony, where Wing testified that he "definitely" remembered seeing a wallet in the baseball cap.

Jackson has not shown that his counsel's referral to Wing's second trial testimony, instead of Wing's deposition testimony, was prejudicial. The jury heard the thrust of what Jackson's counsel was trying to establish: that there was conflicting testimony about where the victim's wallet was found. And Jackson's counsel reminded the jury of that conflicting testimony during closing argument. In light of the overwhelming evidence against Jackson, there is no reasonable probability that the result of Jackson's trial would have been different had the jury heard that Wing "definitely" remembered seeing a wallet in the baseball cap.

V.

Finally Jackson contends that his counsel's performance was deficient because his counsel did not properly object to two allegedly improper prosecutorial statements about race that were made during closing argument. The record, however, shows that his counsel did object to those statements and that the court overruled those objections. A counsel's performance is not deficient simply

6

because the court overruled his objection.

**AFFIRMED.**